People v Denzel L.

2026 NY Slip Op 01989

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Denzel L. (Anonymous), appellant. (Ind. Nos. 73245/21, 75501/21)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2022-10457, 2022-10459

Betsy Barros, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Heidi Cesare, J.), rendered November 22, 2022, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a firearm under Indictment No. 73245/21, and imposing sentence, and (2) a judgment of the same court rendered November 22, 2022, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree under Indictment No. 73501/21, and imposing sentence.

ORDERED that the judgments are affirmed.

The defendant's contention that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) and Administrative Code of the City of New York § 10-131(i)(3) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and that the indictment was thus defective, is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42; People v Thompson, 239 AD3d 774, 774). In any event, the defendant's contention is without merit. The statutory scheme is not invalid on its face (see People v Johnson, ___ NY3d ___, 2025 NY Slip Op 06528), and "[t]he Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Thompson, 239 AD3d at 774-775; see People v Emmanuel D., 238 AD3d 1068, 1069).

As part of the sentences of probation imposed on the defendant, the Supreme Court imposed conditions of probation, including prohibiting him from possessing or purchasing a gun (hereinafter Condition No. 11) and requiring him to consent to a search by a probation officer of his person, vehicle, or place of abode (hereinafter Condition No. 28).

"Generally, the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so' (Penal Law § 65.10[1])" (People v Gibson, 244 AD3d 751, 752). "In addition to specific conditions enumerated in the statute, the court may, in its discretion, impose 'any other conditions reasonably related to [the defendant's] rehabilitation' ([Penal Law] § 65.10[2][l]) and [*2]'any other reasonable condition as the court shall determine to be necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant' (id. § 65.10[5])" (id.). "Therefore, sentencing courts may require a defendant to consent to searches by his or her probation officer for weapons, illegal drugs, or other contraband so long as the condition is 'individually tailored in relation to the offense' and 'the defendant's particular circumstances, including his or her background, history, and proclivities'" (id., quoting People v Mantilla, 236 AD3d 925, 926).

Here, the offenses of which the defendant was convicted involved the possession of weapons. Condition No. 11 and Condition No. 28 were properly imposed as they were individually tailored in relation to the underlying offenses of criminal possession of a firearm and criminal possession of a weapon in the second degree and were therefore reasonably related to the defendant's rehabilitation or necessary to ensure that the defendant will lead a law-abiding life (see People v Grandstand, 236 AD3d 817, 818; People v Rogers, 235 AD3d 781).

The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).

BARROS, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court